**In re Aurendina G. VEIGA, Associate Magistrate, Rhode Island Traffic Tribunal**

No. 2003–642–M.P.

Supreme Court of Rhode Island.

Feb. 11, 2005.

## ORDER

On December 22, 2003, the Supreme Court issued an order adopting the recommendations of the Commission on Judicial Tenure and Discipline on a petition for waiver of public hearing with respect to disciplinary recommendations arising from an admission of misconduct by the respondent, Aurendina G. Veiga, an Associate Magistrate of the Rhode Island Traffic Tribunal.

The imposition of sanctions resulted from respondent's misconduct during an investigation by the Supreme Court Disciplinary Board of a complaint made against respondent by a former client. Because the misconduct occurred after her appointment to the Rhode Island Traffic Tribunal, the case was referred to the Commission on Judicial Tenure and Discipline (commission) for investigation and recommendation.

The charges concerning which respondent admitted her guilt consisted, inter alia, of knowingly misleading the former client about his case and then misleading the commission during its investigation of the incident. The commission also charged respondent with a third offense, taking action in respect to an alleged traffic offender who had come before her after she engaged in an ex parte communication with that individual without notifying the charging police department.

The respondent admitted guilt with respect to the first two charges and consented to the commission's recommended sanctions for those violations. The sanctions recommended by the commission and imposed by the Supreme Court included a 30–day suspension, without pay, and the completion of twenty (20) hours Continuing Legal Education (CLE) credit hours devoted to the topics of judicial and legal ethics, to be completed within one (1) year from the date of the order. Based upon the respondent's acknowledgment that she engaged in two *ex parte* communications and acknowledged her responsibility to notify all parties of any *ex parte* communication in which she is involved, the commission declined further prosecution.

This Court has been advised by Justice Mark A. Pfeiffer, commission chairperson, that respondent has earned one and one half hours (1.5 hours) of CLE credit for participation in Law Day and has claimed 30 hours of credit for "Mock Trial Tournament" sponsored by the Rhode Island Legal/Educational Partnership. At no time after the entry of the order of discipline did respondent apply to the commission for an extension of time within which to complete the CLE requirements or to inquire whether participation in a mock trial satisfied the mandate of this Court that respondent "complete twenty (20) CLE credit hours on the topics of judicial and legal ethics within one (1) year from the date of this Order."

The petitioner is directed to appear before the Supreme Court at 9:30 a.m. on February 17, 2005 to show cause why she should not be found in contempt of this Court's order of December 22, 2003.